# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. CR 14-3092 JAP

CLAY O'BRIEN MANN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Clay O'Brien Mann (Defendant) is charged with violating 18 U.S.C. § 924(c)(1)(A)(iii) by discharging a firearm while using it during and in relation to a crime of violence, namely an assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). *See* INDICTMENT (Doc. No. 2). Defendant contends that § 113(a)(6) is not a crime of violence. He asks the Court to dismiss the Indictment and to vacate his 2013 conviction under 18 U.S.C. § 924(c)(1)(A) predicated on § 113(a)(6). *See* DEFENDANT'S MOTION TO DISMISS, OR, ALTERNATIVELY, TO INSTRUCT THE JURY ON THE ESSENTIAL ELEMENTS OF A CRIME OF VIOLENCE (Doc. No. 95) (Motion). The United States maintains that § 113(a)(6) will support a conviction under § 924(c)(1)(A). *See* UNITED STATES' RESPONSE ASSERTING THAT ASSAULT RESULTING IN SERIOUS BODILY INJURY IS A CRIME OF VIOLENCE UNDER 18 U.S.C. § 924(c)(1)(A) (Doc. No. 94) (Response). The Court will dismiss the current Indictment, but will not vacate Defendant's prior conviction.

    **I.**     **Background**

In 2011, a grand jury charged Defendant in an eight-count Indictment based on a July 24, 2010 shooting incident in which one person was killed and two people were severely injured. *See*

*United States v. Mann*, 786 F.3d 1244, 1246–48 (10th Cir. 2015). Three of the charges were brought under § 924(c). *Id.* at 1246. Section 924(c)(1)(A) prohibits the use or carrying of a firearm during and in relation to a crime of violence, while § 924(c)(1)(A)(iii) prescribes a more severe penalty if the firearm is discharged. *See* § 924(c)(1)(A). Defendant was indicted under § 924(c)(1)(A)(iii) based on the *knowing* discharge of a firearm during and *in relation to* a crime of violence. *Mann*, 786 F.3d at 1248. During the 2013 trial, the Court dismissed one of these § 924(c) charges without prejudice due to a defect in the Indictment. *See id.* at 1249 n.6. The jury found Defendant guilty of involuntary manslaughter, two counts of assault resulting in serious bodily injury, and the two remaining § 924(c) violations. *Id.* at 1248. But the Court later vacated one of Defendant's § 924(c) convictions on Defendant's motion after concluding that the offense of involuntary manslaughter upon which it was predicated was not a crime of violence as defined by § 924(c)(3). *Id.* at 1248 n.4. Defendant did not raise, and the Court did not consider, the issue of whether assault resulting in serious bodily injury was a crime of violence as was required to support the remaining § 924(c) conviction. The Court sentenced Defendant to a total of 171 months of incarceration: three concurrent terms of 51 months for the involuntary manslaughter and two assault convictions, plus a consecutive term of 120 months for the sole § 924(c) conviction. *Id.* at 1249.

Defendant appealed his conviction under § 924(c), alleging that the Court had constructively amended the Indictment because it did not instruct the jury that it was required to find that he *knowingly* discharged his firearm *in relation to* the assault, as was charged in the Indictment. *Id.* at 1248–49. The Tenth Circuit Court of Appeals determined that this language was not necessary to prove the violation because § 924(c)(1)(A)(iii) applies to accidental discharges unrelated to the underlying crime, so long as the use or carrying of the weapon occurs

during and in relation to a crime of violence. *See id.* at 1246, 1251. It affirmed Defendant's § 924(c) conviction after concluding that if the Indictment contains the required elements of the offense, any additional unnecessary allegations in the Indictment need not be proven even if they are mistakenly charged. *See id.* at 1252–54. The Court of Appeals did not consider whether the assault resulting in serious bodily injury was a crime of violence because Defendant did not raise the issue.

In September of 2014, a second grand jury reindicted Defendant on the previously-dismissed § 924(c) charge. *See* REDACTED INDICTMENT (Doc. No. 2). Like the § 924(c) conviction for which Defendant had already been sentenced, this charge was premised on the underlying offense of assault resulting in serious bodily injury. *Id.* Defendant went to trial on this single-count Indictment in March 2017, but the Court declared a mistrial after the jury was unable to reach a verdict. *See* DECLARATION OF MISTRIAL (Doc. No. 82). Defendant now asks the Court to dismiss the Indictment before his third trial is scheduled to begin, arguing that the offense of assault resulting in serious bodily injury cannot support the § 924(c) charge because it is not a crime of violence. Mot. at 1.

**II.     Discussion**

"For purposes of [§ 924(c)(1)(A)] the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). Defendant argues that § 924(c)(3) requires violent, aggressive, and purposeful conduct, and does not include offenses that may be committed through behavior that is merely accidental or reckless. Mot. at 2.

### A. Scope of Crime of Violence Under § 924(c)(3)

"Force, as used in the definition of a crime of violence, is synonymous with destructive or violent force." *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) (internal quotation marks omitted) (discussing 18 U.S.C. § 16, which is virtually identical to § 924(c)(3)). In *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004), the Supreme Court interpreted the "use" of force in § 16 to require "a higher mens rea than . . . merely accidental or negligent conduct." *Id.* Although § 16 contains both an elements clause and a residual clause, the Supreme Court held that the residual clause was still dependent on the risk that force would be "used" and therefore required the same mens rea. *Id.* at 10. Accordingly, *Leocal* held that a Florida offense of driving under the influence of alcohol (DUI) and causing serious bodily injury was not a crime of violence under § 16. The *Leocal* Court specifically declined to decide whether an offense that requires proof of the reckless use of force would qualify as a crime of violence. *Id.* at 13.

However, the Tenth Circuit Court of Appeals has concluded that "recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of physical force requirement under either of § 16's definitions of 'crime of violence.'" *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008). Even interpreting the broader "crime of violence" provision in USSG § 4B1.2(a), the Tenth Circuit "has specifically held that only those crimes with a mens rea of intent or purpose qualify as crimes of violence." *United States v. Armijo*, 651 F.3d 1226, 1234 (10th Cir. 2011); *see also United States v. Duran*, 696 F.3d 1089, 1095 (10th Cir. 2012) (applying *Armijo* to conclude that aggravated assault with a deadly weapon is not a crime of violence under § 4B1.2(a) when the offense can be committed by the reckless discharge of a firearm); *United States v. Serafin*, 562 F.3d 1105, 1109 n.5 (10th Cir. 2009) (stating that both the Supreme Court and the Tenth Circuit have recognized that the

4

definition of a crime of violence under § 16(b) is narrower than that in § 4B1.2(a)(2)); *United States v. Williams*, 559 F.3d 1143, 1148 (10th Cir. 2009) ("The Supreme Court has stated [that § 4B1.2(a)(2)] is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts." (citing *Begay v. United States*, 128 S. Ct. 1581, 1586 (2008))).

The United States contends that § 924(c)(3) does encompass reckless conduct and argues that *Zuniga-Soto* is no longer good law. Resp. at 4. It relies on *Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016), in which the Supreme Court held that a reckless domestic assault qualifies as a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9). Section 922(g)(9) prohibits the possession of firearms or ammunition by any person "who has been convicted in any court of a misdemeanor crime of domestic violence." Like a § 924(c) crime of violence, "the term 'misdemeanor crime of domestic violence' means an offense that . . . has, as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A). *Voisine* interpreted the use of force required by § 921(a)(33)(A) to encompass any volitional act "undertaken with awareness of [its] substantial risk of causing injury," which included reckless behavior. *Voisine*, 136 S. Ct. at 2279–80.

However, *Voisine* expressly stated that its interpretation of § 921(a)(33)(A) did not determine whether § 16 extends to reckless behavior, the question left open in *Leocal*, *id.* at 2280 n.4, but answered by the Tenth Circuit in *Zuniga-Soto*. The Supreme Court acknowledged that "Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states." *Id.* While federal appeals courts have generally interpreted § 16 to require *violent* force, the Supreme Court has held that § 921(a)(33)(A) extends to any offensive touching. *Id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1411 n.4 (2014)). These cases

5

reflect different interpretations as to the level of force required, and may also suggest different mens rea requirements.

The Supreme Court has distinguished the force required by § 921(a)(33)(A) from the violent force required in § 924(e), the Armed Career Criminal Act (ACCA). *See Castleman*, 134 S. Ct. at 1410. The ACCA, like § 16, applies to felonies that involve extreme, active, violent force capable of causing physical pain or injury. *Johnson v. United States*, 559 U.S. 133, 139–40 (2010). By contrast, *Castleman* "observ[ed] that at common law, the element of force in the crime of battery was 'satisfied by even the slightest offensive touching.'" 134 S. Ct. at 1410 (quoting *Johnson*, 559 U.S. at 139). Because § 921(a)(33)(A) referred to misdemeanor crimes rather than felonies and because domestic violence crimes are often prosecuted under generally applicable assault and battery statutes, the Supreme Court concluded that Congress likely intended to incorporate the common-law meaning of force within the phrase "misdemeanor crime of domestic violence." *Castleman*, 134 S. Ct. at 1411. The Supreme Court further explained that "whereas the word 'violent' or 'violence' standing alone 'connotes a substantial degree of force' that is not true of 'domestic violence.' 'Domestic violence' is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." *Id.* (internal quotation marks and citations omitted). Limiting § 922(g)(9) so that it did not extend to offensive touching would have made it ineffectual in barring gun ownership by a large percentage of domestic abusers, those who had been convicted under broad state statutes prohibiting common-law assault and battery. *Id.* at 1413. And the Supreme Court saw "no anomaly in grouping domestic abusers convicted of generic assault or battery offenses together with the others whom § 922(g) disqualifies from gun ownership,"

which includes drug addicts, certain noncitizens, and those subject to a domestic restraining order. *Id.* at 1412.

In *Johnson* and *Castleman* the Supreme Court relied on the purpose and context of the different statutory provisions at issue to interpret the identical phrase "physical force" in two different ways. *Voisine* extended *Castleman* by concluding that the force involved could be not only knowing or intentional, but also reckless. 136 S. Ct. at 2277–78. But the Supreme Court noted that statutory differences might compel a different conclusion regarding § 16, *see id.* at 2280 n.4, just as those differences had led to opposite conclusions about "physical force." As with § 16, the differences between § 922(g) and § 924(c) are marked. Violation of § 922(g)(9) by possessing a firearm requires only a prior misdemeanor conviction and carries a maximum statutory penalty of ten years imprisonment. § 924(a)(2). Violation of § 924(c)(1)(A), on the other hand, depends on a separate felony conviction and carries a statutory minimum penalty of five years for carrying a firearm, seven years for brandishing a firearm, and ten years for discharging a firearm, even accidentally, all to be served consecutively in addition to the sentence for the underlying felony crime of violence. Depending on the type of firearm involved and whether the person has more than one conviction under § 924(c), the mandatory minimum penalty may be twenty-five years, thirty years, or even life in prison. § 924(c)(1)(B)–(C).

The Court therefore believes that *Voisine* does not control the interpretation of felony "crime of violence" provisions such as §§ 16, 924(c)(3), 2L1.2, or 4B1.2(a). Accordingly, the Court determines that *Voisine* does not overrule Tenth Circuit precedent holding that recklessness is an insufficient mens rea to constitute a felony crime of violence. This conclusion is supported by *United States v. Maldonado-Palma*, 839 F.3d 1244, 1248, 1250 (10th Cir. 2016), in which the Tenth Circuit Court of Appeals cited both *Voisine* and *Zuniga-Soto* with no mention

of any conflict between the two cases. Additionally, in an unpublished decision issued two days after *Voisine*, the Tenth Circuit reiterated in dicta its prior holding in *Armijo*, which had relied on *Zuniga-Soto*, that an offense that may be committed with a reckless mens rea does not constitute a crime of violence. *See United States v. Mitchell*, 653 F. App'x 639, 644 n.5 (10th Cir. 2016) ("If the elements of an offense may be proven without intentional or purposeful conduct (e.g., an offense that may be committed with a reckless mens rea), that offense does not constitute a crime of violence."). Two other District Courts in this Circuit have interpreted Tenth Circuit precedent similarly. *See Jaramillo v. United States*, No. 1:16-cv-87-TS, 2016 WL 5947265, at *6 (D. Utah Oct. 13, 2016) (*abrogated on other grounds by United States v. Frazier-LeFear*, 665 F. App'x 727, 731–32 (10th Cir. 2016)); *Broadbent v. United States*, No. 2;16-cv-569, 2016 WL 5922302, at *5 (D. Utah Oct. 11, 2016). Consequently, the Court concludes that it is bound to follow *Zuniga-Soto* and *Armijo* and that, at least in the Tenth Circuit, § 924(c)(3) does not encompass crimes that may be committed by mere recklessness.

### B. Assault Resulting in Serious Bodily Injury under 18 U.S.C. § 113(a)(6)

Having determined the scope of § 924(c)(3), the Court must now analyze the felony offense underlying the § 924(c) charge against Defendant. "Whether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law." *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014); Tenth Circuit Pattern Instruction 2.45. The Court employs the categorical approach, looking only to the elements of the offense without considering the particular facts of Defendant's conduct. *See Leocal*, 543 U.S. at 7 ("This language [in § 16(a) and (b)] requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime."); *Morgan*, 748 F.3d at 1035 (whether an offense is a crime of violence under § 924(c)(3) "turns not on whether the Defendants committed violent acts, but

8

whether the offense itself is a crime of violence."); *Serafin*, 562 F.3d at 1107–1108 ("Under the categorical approach [required by § 924(c)(3)], we look 'only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.'").

An assault resulting in serious bodily injury under § 113(a)(6) requires proof that (1) the defendant assaulted the victim; (2) the victim suffered serious bodily injury; (3) the assault occurred in Indian country; and (4) the defendant is an Indian. *United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006). Section 113(a)(6) is a general intent crime. *Id.* While the act must be volitional, a conviction does not require proof of any intent to cause the injury. *Id.* at 1233–34. In *Zunie*, the Tenth Circuit Court of Appeals upheld a conviction under § 113(a)(6) where the defendant, when driving while intoxicated, had caused a collision that severely injured the occupants of the other vehicle. *See id.* at 1232. The government had presented sufficient evidence that the defendant had acted recklessly, and the Court of Appeals "conclude[d] that recklessness is a culpable mens rea with respect to assault resulting in serious bodily injury under § 113(a)(6)." *Id.* at 1233. The Court of Appeals considered the mens rea required by § 113(a)(6) and held "that a finding of purpose, knowledge, or recklessness supports a conviction for assault resulting in serious bodily injury." *Id.* at 1233–35. However, the *Zunie* Court rejected the defendant's argument that § 113(a)(6) was not a crime of violence under § 16 for the purposes of the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A et seq. *Id.* at 1235 n.2, 1238. In a footnote, *Zunie* relied on a pre-*Leocal* case that had categorized § 113(a)(6) as a crime of violence under § 16 and stated that this holding was not inconsistent with *Leocal* because the Supreme Court there had not addressed recklessness. *See id.* at 1235 n.2 (citing *United States v. Reano*, 298 F.3d 1208, 1210 (10th Cir. 2002).

9

Containing what appear to be contradictory statements under current Tenth Circuit Court of Appeals precedent, *Zunie* might not resolve the applicability of § 924(c)(3) to § 113(a)(6) if read in isolation. However, in *Zuniga-Soto* the Court of Appeals rejected the footnote in *Zunie* as dicta that did not control the determination of whether an offense with a mens rea of recklessness could qualify as a crime of violence. 527 F.3d at 1124. *Zuniga-Soto* reaffirmed that "[t]he [*Zunie*] [C]ourt was absolutely correct in holding that proof of recklessness could sustain a conviction for assault resulting in serious bodily injury under § 113(a)(6)." *Id.* Yet it disagreed with *Zunie*'s interpretation of *Leocal* and held that a mens rea of recklessness did not satisfy the definition of a crime of violence. *Id.* Together the holdings of the Tenth Circuit Court of Appeals in *Zunie* and *Zuniga-Soto* place § 113(a)(6) outside the scope of a crime of violence under § 924(c)(3). As a result, the Court will dismiss the Indictment against Defendant.

### C. Vacatur of Prior Convictions

Defendant requests further relief as well, asserting that the jury's 2013 verdict against Defendant on the § 924(c) charge predicated on § 113(a)(6) must be vacated. Mot. at 5. Defendant relies on the Court's prior statement that "[c]onvicting Mr. Mann of violating 18 U.S.C. § 924(c)(1)(A) when a jury found that he did not commit a predicate offense sufficient to support a conviction under 18 U.S.C. § 924(c)(1)(A) would unfairly subject Mr. Mann to punishment for a crime he did not commit." *United States v. Mann*, Cr. No. 11–1528, 982 F.Supp.2d 1251, 1258 (D. N.M. Nov. 7, 2013). The Court made this statement after concluding that involuntary manslaughter was not a crime of violence for much the same reasons it has now determined apply equally to § 113(a)(6). *See id.* at 1255–58. On Defendant's timely motion to arrest judgment after his first trial the Court exercised its inherent supervisory authority to treat

the motion as one to vacate the conviction, and it vacated Defendant's § 924(c) conviction that had been based on involuntary manslaughter. *Id.* at 1258–59 (relying on Fed. R. Crim. P. 33).

The Court does not disagree with the proposition that it would be unfair to punish Defendant for an offense after finding that he did not commit a required predicate. Had Defendant included the argument he now asserts in his motion to arrest judgment filed after the first trial, the Court might have granted the relief he requests. However, the procedural and temporal circumstances do not allow the Court to do so at this late date. Defendant asks the Court to dismiss the prior jury's 2013 verdict *nunc pro tunc*. But "the term nunc pro tunc is merely descriptive of the inherent power of the court to make its records speak the truth." *Tuggle v. County of Cherokee, Tahlequah, Okla.*, 147 F. App'x 52, 53 (10th Cir. 2005) (internal brackets and quotation marks omitted). A *nunc pro tunc* order is intended for the correction of clerical errors, and it does not allow the Court to alter a judgment previously rendered. *See id.* Neither does the Court's *nunc pro tunc* authority allow modification at any time of a sentence already imposed. *See United States v. Meindl*, 269 F. App'x 849, 850–51 (10th Cir. 2008). A *nunc pro tunc* order is inappropriate for the relief Defendant seeks. And under Rule 33, a motion to vacate for any reason other than newly discovered evidence must be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b)(2). This time has long passed in relation to a judgment of conviction that was entered in November of 2013 and that became final when the Supreme Court denied certiorari on October 19, 2015. *See Mann*, Cr. No. 11–1528; *Mann v. United States*, 136 S. Ct. 373 (2015). Consequently, the Court concludes that Defendant's desired remedy would be more appropriately pursued through habeas proceedings under 28 U.S.C. § 2255 if those are available to him at this point.

IT IS THEREFORE ORDERED THAT:

DEFENDANT'S MOTION TO DISMISS, OR, ALTERNATIVELY, TO INSTRUCT THE JURY ON THE ESSENTIAL ELEMENTS OF A CRIME OF VIOLENCE (Doc. No. 95) is GRANTED as to his current Indictment, which will be dismissed, but is DENIED as to his prior conviction in 11-CR-1528-JAP.

_____
SENIOR UNITED STATES DISTRICT JUDGE